IN THE COURT OF CRIMINAL APPEALS OF TEXAS

WR-28,436-04
Tr.Ct.No.439551-C

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 06 2015

Abel Acosta. Clerk

EX PARTE
CHRISTOPHER J.EMERSON

COMES NOW CHRISTOPHER J.EMERSON,PRO SE,and proceeds to Inquire as

to the specific [names] of the judges responsible for the rulings

in the above cited cause of action,9/28/2015;8/26/2015?

> "The Due Process Clause also requires the States
> to afford certain civil litigants a 'meaningful
> opportunity to be heard' by removing obstacles
> to their full participation in judicial proceed-
> ings".Tennessee,523,124 S.Ct.at 1988.

Cf.525,124 S.Ct.at 1989-90:"...Notably,these decisions
also demonstrate a pattern of unconstitutional
treatment*IN THE ADMINISTRATION OF JUSTICE".

See 42 U.S.C.§12101(a)(3).Cf.Tennessee,541 U.S.at 533:
> "...This[DUTY] to accommodate is perfectly
> consistent with the well-established due
> process principle that 'within the limits
> of practicability,a State must afford to
> all individuals a meaningful opportunity
> to be heard in its courts'....
> "...Each of these cases makes clear that
> ordinary considerations of cost and
> convenience alone cannot justify a State's
> FAILURE TO PROVIDE INDIVIDUALS with a
> meaningful[RIGHT] of access to the courts".

at 534:"...we conclude that Title II,as it applies
> to the class of cases implicating the
> fundamental right of access to the courts
> ,constitutes a valid exercise of Congress
> §5 authority to enforce the guarantees of
> the Fourteenth Amendment".

EMERSON prays that the names of the judges be provided as reques-

ted,or we will be compelled to file suit against the full court..

Respectfully submitted

So EXECUTED
this 3rd day of November 2015

Christopher J.EMERSON